IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:07-155-JFA |
|---|---|---|
| v. | ) | ORDER |
| MAURICE JOVAN ANDREWS | ) | |

The defendant was sentenced in this court to a custodial term of 121 months pursuant to the advisory sentencing guidelines in effect at the time. Thereafter, represented by the Federal Public Defender for the District of South Carolina, the defendant moved to reduce his term of imprisonment based upon Amendment 750 to the United States Sentencing Commission Guidelines (USSG) regarding the cocaine base guideline. In the motion, filed pursuant to 28 U.S.C. § 3582, both the government and the defendant (through the Public Defender) agreed that the reduction would be only one month, because the statutory mandatory minimum sentence of 120 months applied in the defendant's case, and Amendment 750 to the USSG did not affect statutory mandatory minimum sentences. Thus, the defendant's sentence was reduced from 121 to 120 months.

The defendant now returns to this court with a *pro se* motion seeking to have the court reconsider its decision to enter an amended judgment and commitment, wherein the court granted the motion to reduce the defendant's sentence to 120 months. The defendant argues that the court should have considered his "post-sentencing rehabilitation" and his "character

1

and post-sentencing conduct." As noted above, the defendant's sentence now rests upon the mandatory minimum sentence set by Congress. That statute does not allow the court to reduce the defendant's sentence below the 120-month sentence for post-sentence rehabilitation and related matters.

The defendant's motion to reconsider also suggests that the government has improperly failed to file a motion to reduce his sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant fails to set forth any specific grounds for the motion to compel and for this reason, the court will deny this component of the motion without prejudice. The defendant is free to file a new motion to compel relating to the downward departure issue, setting out in detail why the government should have been required to file such a motion. The court expresses no opinion whatsoever as to the appropriate disposition of any such motion if one is filed.

Accordingly, the defendant's motion to reconsider (ECF No. 1634) is denied for the reasons set forth herein.

IT IS SO ORDERED.

January 17, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge