IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No: 3:07-155-JFA |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JAVIS SHERARD MCKENZIE, | ) | |
| a/k/a "Jay Rock," | ) | |
| a/k/a "Jarvis McKenzie" | ) | |
| _____ | ) | |

This matter comes before the court upon the motion by defendant Javis McKenzie to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1595). For the reasons discussed below, the court finds that the grounds asserted by the Petitioner lack merit, and that the Respondent's motion for summary judgment should be granted, and the Petition dismissed.

### BACKGROUND

Following an investigation by the FBI, a grand jury indicted Javis Sherard McKenzie, a/k/a "Jay Rock," a/k/a "Jarvis McKenzie," (McKenzie) and twenty-two co-defendants in connection with various drug and weapon offenses. All of the defendants except two—McKenzie and Rashawn Wallace who both chose to proceed to trial—entered guilty pleas. The Government proceeded against McKenzie in a separate trial on the cocaine and crack cocaine allegations in Count 1, as well as Counts 7–9, and 79 of the Third Superseding Indictment. McKenzie retained Jack B. Swerling, Esquire, to represent him during his trial. The trial included evidence obtained by wire taps and

search warrants as well as testimony from nine cooperating co-conspirators. The jury returned a verdict of guilty on all counts on April 17, 2008.

The presentence report determined that McKenzie's guideline range was life. As a result of several enhancements, McKenzie's total offense level was 46, and he had a criminal history category of II. The Government had previously filed an information that notified McKenzie that he faced increased penalties pursuant to 21 U.S.C. § 851 due to a prior felony drug conviction for possession of crack cocaine. This court held a sentencing hearing on March 13, 2009, and in an attempt to avoid a life sentence, McKenzie chose to admit the criminal conduct. The court granted the defense motion for a variance from the guideline range of life and sentenced McKenzie to 480 months imprisonment followed by 10 years of supervised release.

McKenzie subsequently filed a direct appeal. Appellate counsel, John M. Ervin, III, Esquire, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), that questioned whether this court erred in denying McKenzie's motion for a partial judgment of acquittal, and McKenzie filed a pro se brief. The Fourth Circuit affirmed the conviction and sentence. *United States v. McKenzie*, 396 F. App'x 949, 2010 WL 3760238, at *1–*2 (4th Cir. 2010) (unpublished).

McKenzie filed the instant petition pursuant to 28 U.S.C. § 2255 on November 16, 2011. McKenzie advances three grounds for relief. First, he argues that his trial counsel, Jack Swerling, was ineffective because he failed to challenge the prosecution's allegedly improper bolstering of the Government's witnesses' credibility. Similarly, he claims that

appellate counsel was ineffective for failing to raise the issue on appeal. Second, McKenzie alleges ineffective assistance of counsel by trial counsel for failing to pursue out of court sequestration of the cooperating co-conspirator Government witnesses. Finally, McKenzie argues that this court improperly determined that his prior state court conviction was a felony drug conviction, allegedly in violation of the recent holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The Government, Respondent here, has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 1645). The court advised the Petitioner in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment and the Petitioner responded in opposition. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## STANDARD OF REVIEW

In order to prevail on an ineffective assistance claim, the Petitioner must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89. In addition to showing ineffective representation, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the

3

result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* Because the Petitioner is acting pro se, the documents that he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't. of Social Svcs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

*Ground One*

McKenzie's first ground for relief is an ineffective assistance of counsel claim for his counsel's failure to object when the Government elicited testimony from the cooperating co-conspirators regarding their plea agreements. McKenzie alleges that such testimony constituted improper bolstering of the Government witnesses. The testimony consisted of statements that the decision whether or not to grant a downward departure for the substantial assistance of the witnesses rested with the court. McKenzie asserts that this testimony placed the court "into the equation of the co-defendant's truthfulness," and, accordingly, constituted improper bolstering. (Pet. 7, ECF No. 1595-1.) He concludes that his counsel therefore rendered ineffective assistance when he failed to object.

First, the court is not persuaded that such testimony constituted bolstering. "Bolstering is an implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." *United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir. 1997). Here, the Government merely asked the co-conspirators about the terms of their plea agreement, and did not imply that the Government—or the court—had any knowledge not known to the jury. Moreover, courts have determined that such a strategy concerning pleas is permissible. *See United States v. Henderson*, 717 F.2d 135, 138 (4th Cir. 1983) (allowing Government to elicit terms of plea agreement including witness's promise to be truthful); *Untied States v.*

*Reid*, 625 F.3d 977, 983–84 (6th Cir. 2010) ("[I]t is not improper vouching for the prosecutor to refer to the plea agreements of cooperating witnesses in the expectation that their credibility will be at issue".).

In fact, courts have noted that such plea agreements "can cut both ways." *Reid*, 625 F.3d at 983. McKenzie's counsel noted that he would have brought out the testimony on cross if the Government had not done so on direct. Swerling Aff. 6, ECF No. 1644-3. Swerling stated that he would have done so as part of his strategy to demonstrate that the witness was hoping for a substantial award, and therefore, to undermine the witness's credibility. Accordingly, the court finds that the strategy was reasonable pursuant to first step of the *Strickland* inquiry.

Because the court finds that the failure to object did not constitute ineffective assistance, it follows that McKenzie's appellate counsel did not err in failing to address the issue in his appellate brief. The failure to raise a meritless objection does not constitute ineffective assistance of counsel. *See Savino v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996). Also, appellate counsel notes that McKenzie's decision at sentencing to admit to the conduct in the indictment limited the grounds on which he could appeal. That admission negated most of McKenzie's potential grounds for appeal. Accordingly, the court finds that the petitioner's first ground for relief lacks merit.

*Ground Two*

McKenzie's next ground for relief also alleges ineffective assistance of counsel on the part of his trial counsel for failing to sequester the cooperating co-conspirators

Government witnesses *out of court*. Rule 615 of the Federal Rules of Evidence provides for sequestration of witnesses in court. Pursuant to this rule, the witnesses were all sequestered during the courtroom testimony in this case. Moreover, the court admonished the witnesses that they should not discuss the case and their testimony with other witnesses. McKenzie argues that trial counsel should have gone farther, and requested separation of witnesses out of court.

McKenzie's counsel, Swerling, chose instead to incorporate the fact that the witnesses may have spoken with each other into his defense strategy. To be sure, defense counsel's ability—as well as this court's ability—to control custodial witnesses out of courts must yield to the practical necessities inherent in bringing such witnesses to court. The United States Marshals Service must be afforded some discretion in making decisions regarding housing and transportation of witnesses. Viewed in this light, trial counsel's decision to use that potential contact as an element of his cross examination is the type of strategic decision attorneys must make. Trial counsel highlighted the potential for contact—and collusion—between the testifying co-defendants during his cross, enabling the jury to consider any potential contact in weighing the credibility of their testimony. Because that strategy falls squarely within the wide range of reasonable conduct, McKenzie's claim fails the first step of the *Strickland* inquiry.[1]

---

[1] Moreover, had trial counsel made a motion for the separation of the witnesses out of court, that decision would have been at the discretion of this court. McKenzie has not demonstrated facts sufficient to show that this court would have exercised its discretion and made such a decision.

McKenzie also makes several allegations stemming from allegedly improper sharing of discovery. Although some discovery was improperly released to a defendant who was in jail, the other defendants denied seeing the discovery. In any event, the Government informs the court that the co-conspirator defendants were indicted in the same indictment and that, accordingly, the discovery was the same for the defendants. Each defendant, through his attorney, ultimately received and reviewed the same discovery.

Accordingly, this court finds that McKenzie's second ground for relief lacks merit.[2]

*Ground Three*

In his final ground for relief in his petition, McKenzie argues that this court incorrectly increased his statutory mandatory sentence under 21 U.S.C. §§ 841 (a)(1)(A) and 851 because it incorrectly determined that his prior state court drug conviction constituted a felony drug offense. Relying upon *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), McKenzie argues that the court must look to the individual defendant's criminal conduct to determine if the conduct at issue constitutes a felony. Therefore, he concludes that because this new rule applies retroactively, the court must reconsider his sentence.

---

[2] Additionally, the court finds that the case does not warrant reversal under the cumulative error doctrine. *See United States v. Basham*, 561 F.3d 302, 330 (4th Cir. 2009) ("Generally, however, if a court 'determine[s] . . . that none of [a defendant's] claims warrant reversal individually,' it will 'decline to employ the unusual remedy of reversing for cumulative error." (quoting *United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 2007)).

As the Government notes, however, *Simmons* does not afford McKenzie the relief that he contends it does. Federal law defines a "felony drug offense" as a drug[3] "offense that is punishable by imprisonment for more than one year under any law of the United States or of a State." 21 U.S.C. § 802(44). *Simmons* involved the application of the North Carolina sentencing grid to an offense which did not necessarily subject the defendant to the possibility of a one year term of incarceration. The court determined that the Government could not rely on a hypothetical enhancement of a prior state drug conviction when the sentencing court made no such inquiry. Similarly, *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) also involved conduct that could have supported a felony conviction, though the defendant was not in fact convicted of a felony. In sum, the defendants in those cases did not face the possibility of imprisonment for more than a year. Such an inquiry is not necessary here because McKenzie was convicted of a crime that constituted a felony. The statute under which McKenzie pled guilty, S.C. Code § 44-53-375 (1976) (possession of crack cocaine), carried a maximum term of imprisonment of five years. McKenzie thus faced the possibility of imprisonment for more than one year, and the prior state drug conviction constitutes a felony drug conviction and his sentence was correctly enhanced pursuant to 21 U.S.C. §§ 841 (b)(1)(B) and 851. As a result, McKenzie's final ground for relief lacks merit.

*Petitioner's Response*

---

[3] Cocaine is included in the list of relevant drugs. *Id.*

McKenzie has also filed a motion for partial summary judgment, and has filed a response in opposition to the Government's summary judgment motion (ECF No. 1660) in which he requests an attorney to provide him with an affidavit assessing trial counsel's strategy in this case. In a Section 2255 action, however, the rules do not require appointment of counsel unless the court determines that an evidentiary hearing is necessary. The court has determined that an evidentiary hearing is not necessary in this case and that the government's motion for summary judgment should be granted. Because no hearing is required, and no novel issues are presented in this case, appointment of counsel for the petitioner is not appropriate. Therefore, McKenzie's request for appointment of counsel is denied.

Additionally, in those same materials submitted as a partial summary judgment motion and a response in opposition to the Governments motion (ECF Nos. 1659 & 1660), the McKenzie asks that the court deny, defer consideration on the summary judgment motion, or allow the petitioner time to conduct discovery. Because the court finds that the materials necessary for the resolution of this matter are currently before it, the court denies the Petitioner's motion to defer consideration of the matter. Because the McKenzie also appears to move for summary judgment, the court will construe these materials as a cross-motion for summary judgment. As noted above, the court finds that the Respondent is entitled to summary judgment, and therefore McKenzie's cross-motion for partial summary judgment is denied.

## CONCLUSION

Having carefully considered all of the allegations raised in the § 2255 petition, the court concludes that none of the claims asserted by McKenzie has merit. For the reasons contained herein, McKenzie's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied, and the government's motion for summary judgment is granted. It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

May 3, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."